IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DERRELL B. WILLIAMS #305-646 | * |
| Plaintiff | * |
| v. | * CIVIL ACTION NO. L-10-1905 |
| STATE OF MARYLAND | * |
| Defendant | * |

**MEMORANDUM**

On July 14, 2010, Derrell B. Williams ("Williams"), a Maryland prisoner confined at the North Branch Correctional Institution in Cumberland ("NBCI"), filed this civil rights action for damages. When separating the chaff from the wheat, it appears that Williams is raising general claims of malicious prosecution, abuse of power, prosecutorial misconduct, and ineffective assistance of counsel in connection with his July 10, 2001, convictions in the Circuit Court for Caroline County on drug charges.[1] Because he appears indigent, Williams's Motion to Proceed In Forma Pauperis shall be granted.

To the extent that Williams is seeking compensation for his arrests, prosecutions, convictions and confinement under a civil rights theory, the case shall be summarily dismissed

---

[1] On that date, Williams was convicted following a bench trial of distribution of cocaine, possession of cocaine with intent to distribute, and simple possession of cocaine in Case No. K-01-5190. That same date, Williams pleaded guilty in Case No. K-01-5189 to one count of possession of cocaine with intent to distribute. On November 21, 2001, Williams was sentenced to 40 years incarceration in Case No. K-01-5190 and a consecutive 40 years incarceration in Case No. K-01-5189. His direct appeal of the judgment in K-01-5190 was affirmed by the Court of Special Appeals of Maryland in an unreported opinion filed on March 5, 2003. He did not appeal the entry of his plea in K-01-5189. See Williams v. State of Maryland, Civil Action No. L-08-3333 (D. Md.) (Memorandum and Order of April 2, 2009, denying federal habeas corpus relief).

without prejudice as the Complaint for damages is not cognizable under Heck v. Humphrey, 512 U.S. 477 (1994).[2] The plaintiff in Heck, an Indiana state prisoner, sued two state prosecutors and a state investigator who had participated in the investigation leading to plaintiff's conviction, alleging that defendants had knowingly destroyed evidence which was exculpatory in nature and had also caused an unlawful voice identification procedure to be used at trial. The complaint sought compensatory and monetary damages. The Supreme Court concluded that the complaint had to be dismissed. In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be classified as a habeas corpus action:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

Heck, 512 U.S. at 486-7.

A judgment in favor of Williams with regard to his criminal process would bring into question the validity of his federal criminal convictions. Under the rule of Heck, his claims for

---

[2] There must be a clear nexus between a plaintiff's conviction and the alleged wrongful government action before the Heck bar applies. See Nelson v. Campbell, 541 U.S. 637, 647 (2004).

damages may not proceed in this Court at this time because he cannot show that his convictions have been reversed or vacated. A separate Order dismissing the action without prejudice follows.

July 29, 2010 /s/
                                                                                           _____
                                                                                           Benson Everett Legg
                                                                                          United States District Judge